B. E. BOURLAND *v.* BOARD OF SUPERVISORS OF ITAWAMBA
COUNTY.

APPELLATE PRACTICE. *Exception. Recital.*

A transcript from a Circuit Court, which contains the instructions marked according to the statute, a bill of exceptions embracing all the evidence, a motion for new trial for specified errors in giving and refusing charges, and an order overruling the motion, is insufficient to enable the Supreme Court to consider errors assigned in the instructions in the light of the evidence, unless there is in the record an express recital of exception to the lower court's action on the instructions or on the motion for a new trial.

APPEAL from the Circuit Court of Itawamba County.

Hon. J. A. GREEN, Judge.

After this case was remanded, on reversal of the judgment for errors in the charges in view of the facts, a suggestion of error was filed for the appellee and a reargument granted upon the single point, whether the transcript presented an objection which this court could notice.

*W. L. Clayton,* for the appellant.

The object of excepting to the Circuit Court's action in giving or refusing charges is to admonish the circuit judge, and thus the Supreme Court, in some way, that the party excepting relies on the court's action as error. Under our statute, no exception is taken when the charges are acted on, but after verdict, the aggrieved party moves for a new trial, and assigns this action as the ground. The motion is part of the record; and in it, the court is specifically notified of the objection. The cases of *Smith* v. *Sparkman,* 55 Miss. 653; *Temple* v. *Hammock,* 52 Miss. 365, and *Green* v. *The State,* 59 Miss. 504, establish the position that an objection to charges given, when embodied in the motion for a new trial, is a notification of record of the exact point relied on. Nothing could be added to the notice, or the certainty of the point raised, by excepting to the order overruling the motion. An analogous ruling was made in *Jameson* v. *Moon,* 43 Miss. 598. But there is no reason in the notion that every bill must conclude with the formula: " and to this action of the court the defendant excepted," etc. It is necessary that the Supreme Court should know from the transcript that it is passing upon the exact point raised and decided in the court below. In the case at bar, this is shown by the motion for a new trial. Where there is no reason for a precedent, and no property rights are built upon it, the sooner it is made to conform to reason, the better. By the bill of exceptions, containing " all the evidence," and the instructions marked, given and refused, the whole matter of objection was of record in the shape of a past action of the court. The motion for a new trial was

based upon the ground that this action was erroneous.    When the court overruled the objection, and thus announced its adherence to its former action on review, it would have been silly to ask the judge to review his review, and such a request would have added no information to that afforded this court by the present transcript.

*J. A. Brown*, on the same side.

An erroneously announced and useless rule of practice should not be followed, if unsupported by reason, where it will work great injustice.    What is an exception — its use? Notice to the judge, at the moment of his ruling, in order that he may make a memorandum, and if possible the error may be avoided.    3 Bac. Abr. 115, 116, tit., Bill of Exceptions. Bills of exceptions made from these memoranda, and recitals of the exceptions therein, are different matters.    Existence of the bill presupposes the exception.    Reciting the exception is a mere convenience to assure the appellate court that it is presented the exact point raised and decided below.    A certificate by the circuit judge that such is the point for review would answer the same purpose.    No statute requires an exception; but it is a mere matter of convenience "from the reason and nature of the thing," since C. J. Holt's construction of the statute, first allowing bills of exceptions.    Westminster II.    Our statute prescribes no form for a bill of exceptions, but negatives the idea of a form by varying the words prescribing the substance of what the bill shall contain.    Code 1880, sects. 1715, 1720, 1718.    Similar language in the same body of statutes has been twice construed to imply no requirement of a recital of exception.    *Nicholson* v. *Karpe*, 58 Miss. 34; *Quin* v. *Myles*, 58 Miss. 375; George's Dig. p. 651, sect. 4; 423, sect. 57a.    Since our statute (now Code 1880, sect. 1714), making instructions part of the record, they may be first objected to in the motion for a new trial, which is also a part of the record.    *Field* v. *Weir*, 28 Miss. 67, 68; *Watson* v. *Dickens*, 12 Smed. & M. 218; *Mayer* v. *McClure*, 36 Miss. 397.    And as said they are treated "as if excepted to" when

asked. The case of *Scott* v. *The State*, 31 Miss. 473, does not involve a construction of this statute, and the remark in the case of *Barney* v. *Sherling*, 40 Miss. 320, is *obiter dictum*. Neither decision is upon the point presented in the case at bar, which contains a new question, never decided by this court. After verdict the instructions could not be corrected, except by awarding a new trial. The motion for a new trial, which is in the same words as the assignment of error, apprised the lower court that its action on the charges was the point of objection, and informs this court that this is the exact point raised and passed on by the circuit judge, and to which his certified bill of the evidence was intended to apply. As the motion was based on a past action of the court, already of record, an exception to its adherence to the action would have been as impertinent as unnecessary. Powell's Appeal, Proc. 215, 216, sect. 9; *Pennock* v. *Dialogue*, 2 Pet. 15.

*L. Brame*, for appellee.

There was no objection or exception to the action of the court in giving or refusing instructions, and no exception was taken to the action of the court in overruling the motion for a new trial. For these reasons the court cannot interfere with the judgment. *Scott* v. *The State*, 31 Miss. 473; *R. R. Co.* v. *Chastine*, 54 Miss. 503; *Bridges* v. *Kuykendall*, 58 Miss. 827; *Temple* v. *Hammock*, 52 Miss. 306; *Smith* v. *Sparkman*, 55 Miss. 649, 653; *Green* v. *The State*, 59 Miss. 501; *Barney* v. *Scherling*, 40 Miss. 320. Owing to the fact that no exception was taken to the order overruling the motion for a new trial, that motion cannot be considered for any purpose. *Scott* v. *The State, supra*. The case stands just as if no motion had ever been made, or as if the appellant had consented to its being overruled. No notice can be taken of this motion. Exception was not taken to the instructions at the time they were given or refused, and they cannot be considered here.

*N. Cayce*, on the same side.

Inasmuch as the appellant did not except to the giving of

instructions for the appellee or except to the refusal of the court to grant a new trial, this court erred in considering and reversing the action of the Circuit Court upon those points. *Scott* v. *The State*, 31 Miss. 477 ; *Barney* v. *Scherling*, 40 Miss. 320 ; *Memphis and Charleston Railroad Co.* v. *Chastine*, 54 Miss. 503. If it was proper to relax this rule, it would have been done in the criminal case cited above, which is directly in point. In the case at bar, no exception appears anywhere in the record. There is no exception taken to any act of the court below. If the giving or refusing of instructions had been excepted to, or the order overruling the motion for a new trial had been excepted to, they could have been considered, but in the absence of any exception it seems they cannot. In the case of *Scott* v. *The State*, *supra*, the court refused to consider the giving or refusing instructions, or the order overruling the motion for a new trial, because there was no exception taken thereto. In the case of *Barney* v. *Scherling*, the court refused to consider the giving or refusing of instructions, because no exception was taken, nor was such giving or refusing alleged as ground for new trial ; but the order overruling motion for a new trial was excepted to. In the case of *Memphis and Charleston Railroad Co.* v. *Chastine*, the court refused to consider the action of the court in overruling the motion for a new trial, because there were no exceptions taken, but there was exception taken to the giving and refusing of instruction. In the case at bar there is no exception taken to any act of the court below.

CHALMERS, J., delivered the opinion of the court.

The record fails to show that any exception was taken in the lower court to anything there done. The instructions are marked " given " or " refused " as the case was, and as the statute requires, and are thereby made a part of the record, though the action of the court in giving or refusing them was not excepted to.

A motion for a new trial was made upon the double ground

that the court erred in the giving and refusing of instructions, and that the verdict was contrary to the evidence ; but no exception was taken to the action of the court in overruling the motion. It is admitted by counsel for appellant that by reason of the failure to except to this order overruling the motion for a new trial we are precluded from looking at the testimony embodied in the bill of exceptions with a view of determining the correctness of the verdict on the facts since such is the well settled rule in this State ; but it is said upon the authority of *Christian* v. *R. R. Co.*, 54 Miss 503, that we may look at it for the purpose of testing the correctness of the instructions, and as these will be found to be erroneous a reversal must follow. The trouble about this view is, that the instructions were not here excepted to, as they were in the case cited.

In that case the instructions, being excepted to, we were bound to pass upon them, and in doing so we held that their correctness was to be tested by the testimony which, by being embodied in a bill of exceptions, had become a part of the record. That was a case where a part of the record (to wit, the instructions, which by being marked as the statute requires had become a part of the record) was excepted to ; and in considering the exception we looked to the testimony, which by embodiment in a bill of exceptions had also become a part of the record.

Here on the contrary, nothing whatever having been excepted to, there is nothing for us to take hold of or pass upon. It is insisted, however, that when an instruction is marked " given " or " refused " and thereby made a part of the record, if the action of the court in regard to it was wrong, it will be considered as excepted to, and will be reviewed here ; and in support of this view the cases of *Field* v. *Weir*, 28 Miss. 67, and *Watson* v. *Dickens*, 12 Smed. & M. 608, are relied on.

There is much in the language of these cases, and especially in that of *Watson* v. *Dickens*, to give countenance to the idea, as is the case also in *Mayer* v. *McClure*, 36 Miss 397 ; but a close scrutiny of them will show that the court was discussing

only the question whether an appellant, who had asked a new trial in the court below because of erroneous instructions, and had excepted to the action of the court denying the new trial, would be precluded in this court from attacking the instructions upon the ground that he had not exepted to them when given ; and the question is answered in the negative. It is in this sense, and under these circumstances, that the court said in *Watson* v. *Dickens*, *supra*, that " instructions asked and given or refused in the court below, and so marked by the clerk, are to be considered as excepted to without any formal bill of exceptions." The idea is that, by being marked as required, they become as much a part of the record as any other portion of it ; and, without a formal bill of exceptions, may be made the subject of attack in the court below in any method appropriate to any other matter of record. It remains true, however, that if the attack is unsuccessful in the lower court, the order of that court must be excepted to before this court can notice it.

The exact question is presented and answered by the case of *Scott* v. *The State*, 31 Miss 343, where, as here, the instructions were marked by the clerk and assigned as ground of new trial in the court below ; but not having been excepted to when given, and no exception having been taken to the order overruling the motion for new trial, it was held that they could not be noticed here. *Barney* v. *Scherling*, 40 Miss. 320.

Although the act making the instructions, when marked by the clerk, a part of the record has been upon our statute book for many years, there is no case which has been reversed for error in granting or refusing them when they were not excepted to at the time, and where no exception was taken to the action of the court in overruling the motion for a new trial, or in other words, where no exception was taken in the lower court to anything there done.

Affirmed.