STATE, USE, ETC., *v.* H. SPENGLER, SR., ET AL.

| 74 | 129 |
|----|-----|
| e77 | 926 |
| 74 | 129 |
| e81 | 38 |
| e81 | 39 |
| d81 | 41 |

1. BILLS OF EXCEPTIONS.   *General and special.*

   Bills of exceptions are of two kinds; general bills, which are taken to the action of the court on a motion for a new trial, and by which the whole case, or so much thereof as is desired, can be brought into review; and special bills, by which one or more specific rulings of the trial court are presented for review.

2. SAME.   *General bills.   Formal exceptions.   Code* 1892, § 739.

   The formality of excepting to the action of the trial court in passing upon a motion for a new trial is dispensed with by statute. Code 1892, § 739.

3. SAME. *Authentication. When signature and certificate of judge unnecessary.*

Under the act of 1896 (Laws, p. 91), in cases where the evidence and proceedings are noted by an official stenographer, if the stenographer's notes be written out, and the parties, or their attorneys, agree, in writing, that the same is correct, such notes so written become part of the record without the approval or signature of the judge.

4. EVIDENCE. *Exclusion by the court.*

It is error to exclude all the plaintiff's evidence, on motion of defendant, if the testimony of any witness makes out, or tends to make out, the case.

5. SAME. *Motion to exclude reserved. No action by trial court.*

When the trial court reserves its decision on a motion to exclude a part of the testimony of one of plaintiff's witnesses, and afterwards excludes all the evidence offered in his behalf, the appellate court will not review the question so reserved.

6. DRAMSHOP KEEPER. *Suit on bond. Code 1892, § 1582.*

In a suit upon a dramshop keeper's bond, under § 1582, code 1892, it is not necessary for the plaintiff to prove his case beyond a reasonable doubt, but only with reasonable certainty.

FROM the circuit court first district of Hinds county.

HON. ROBERT POWELL, Judge.

*On motion.* The appellees moved the court to strike from the record the stenographer's notes, because the same were not authenticated by the judge of the court below, and because, as was claimed, there was no bill of exceptions. The facts involved in the motion, together with the state of the record, are shown by the 'opinion of the court.

*Williamson & Potter*, for the motion.

Our contention is, that under the act of 1896 a bill of exceptions is still necessary in order to bring the stenographer's notes before this court, and that, too, whether the notes, as such, be signed by the judge or agreed to be correct by the parties or their attorneys. The law of 1896 does not repeal

the other code provisions as to bills of exceptions, but amends § 736. Sections 733, 734 and 735 (code 1892) remain in full force. The law of 1896 provides that "the preceding provisions (meaning §§ 733–735, code 1892) as to the time when bills of exceptions shall be presented and signed, shall not apply to cases in which the evidence and proceedings are noted down by the stenographer, which is equivalent to declaring that said sections shall apply except as to the time when bills shall be presented and signed. The code provisions and the act are harmonious under this view; otherwise they are not in accord.

The act of 1896, considered independently of the code sections (which, we think, however, should not be done) provides throughout for bills of exceptions. It speaks of bills of exceptions in cases in which the evidence and proceedings are noted down by a stenographer being sent by mail or express to the trial judge, etc., showing that it was not in contemplation to dispense with his signing bills of exceptions.

*W. Calvin Wells* opposed the motion.
The reporter finds no brief against the motion on file.

Argued orally by *W. H. Potter* and *C. M. Williamson*, for the motion; and by *W. Calvin Wells*, contra.

COOPER, C. J., delivered the opinion of the court, on the motion.

The cause stands upon a motion by the appellees to strike from the record a transcript of the stenographer's notes of the proceedings and evidence in the court below, because the same is not made a part of the record by a bill of exceptions signed by the trial judge. There is on the transcript of the stenographer's notes an agreement in writing subscribed by counsel of both parties that the notes are correct. The transcript consists of matter of record proper, and of the stenographer's

notes. The notes have neither the caption nor conclusion of a bill of exceptions; the style of the cause is given, and then follows the statement that " the following is the testimony in this case," followed by the testimony of the witnesses, which is interspersed with the rulings of the court upon the evidence offered by the plaintiff, and concludes with the following statement: " The plaintiff rests. The defense here moves the court to exclude the evidence of the plaintiff, and the motion is sustained, and the plaintiff excepts." The plaintiff made a motion for a new trial, which was overruled. No general bill of exceptions was taken to the action of the court on this motion.

Bills of exceptions, under our practice, are of two kinds:

1. Special, where only a ruling of the court upon one specific subject is sought to be reviewed, and there may be numerous special bills in one case, or several special exceptions may be included in one bill, but such bills must be taken before the jury retires from the box. Code, § 735; *Lindsey* v. *Henderson*, 27 Miss., 504; *Jackson* v. *The State*, 56 Miss., 311.

2. General bills taken to the action of the court on a motion for a new trial, by which the whole case is brought into review, or so much thereof as the party making the motion may desire to bring to the attention of the court, and these bills may be taken during the term, or within ten days, or within sixty days (now ninety days, Acts of 1896, p. 91), if the judge, in his discretion, shall extend the time. Code, § 735.

Prior to the code of 1892, the statute governing the reservation of general bills of exceptions provided that " when a motion for a new trial shall be granted, or refused, either party may except to the decisions of the court, and may reduce to writing the reasons offered for said new trial, together with the substance of the evidence in the case, and also the decision of the court on said motion; and it shall be the duty of the judge before whom such motion is made, to allow and sign the same; and such bill of exceptions shall be a part of the record in the cause, and it may embrace the judgment and motion

and other matters of record,'' etc.   Under this statute, it was held that this court could not review the action of the lower court overruling a motion for a new trial, unless exception was taken thereto in the lower court.   *Scott* y. *The State*, 31 Miss., 473; *Railroad Co.* v. *Chastine*, 54 Miss., 503; *Bourland* v. *Supervisors*, 60 Miss., 996.

These decisions rested upon the language of the statute, which conferred the right that either party "*may except to the decisions of the court,* and may,'' etc., and it was therefore decided that unless he did except in the lower court he could not invoke the right to review the action of the court on the motion for a new trial.   But in the codification of 1892 the italicized words were omitted from the statute for the manifest purpose of dispensing with the mere formality of "excepting" in order to obtain the benefit of the statute.   The motion for a new trial and the judgment of the court thereon are matters of record, and need no bill of exceptions to make them such. *Puckett* v. *Graves*, 6 Smed. & M., 384; *Railroad Co.* v. *Allbritton*, 38 Miss., 242.

In *Railroad Co.* v. *Chastine*, 54 Miss., we held that, while in conformity with prior decisions we could not review the action of the court upon the motion for a new trial unless exceptions had been taken thereto in the trial court, we would yet look to the evidence as authenticated by the judge in such defective bill, to test the correctness of the rulings of the court on exceptions taken during the trial to the giving and refusing instructions and the admission of evidence.   If the evidence in this cause has, therefore, been made a part of the record, since the motion for a new trial and the judgment thereon are, without a bill of exceptions, a part of the record, and since it is no longer required that formal exception shall be taken to the judgment of the court on the motion, we can perceive no reason why, if error thus appears on the record, it may not be corrected.

Before the adoption of the act of March 18, 1896 (Acts, p.

91), the authentication of a bill of exceptions was by the signature of the presiding judge, or, if he refused to sign, by that of disinterested attorneys who had been present at the trial. But that act provided that the code provisions governing "as to the time when bills of exceptions shall be presented and signed, shall not apply to cases in which the evidence and proceedings are noted down by the stenographer," and proceeds to provide how bills of exceptions shall be prepared and authenticated in such cases. Among other provisions of this statute, it is declared that "if both parties to the suit, or their attorneys, shall enter upon the stenographer's notes a written agreement that the same, as originally filed, or as subsequently modified by agreement, are correct, such transcribed notes, so agreed on, shall become a part of the record in the case without the approval or signature of the trial judge. The stenographer's copy of the evidence and proceedings in any case, when certified and signed by him, and agreed upon by the parties, or approved and signed by the judge, as aforesaid, shall be a part of the bill of exceptions," etc.

It is contended by counsel for the appellee that the act of 1896 withdraws the operation of the code provisions only as to the time in which bills of exceptions shall be prepared in those cases in which the evidence and proceedings are noted by the stenographer. But this contention gives effect to only a small part of the act, and disregards other unambiguous and important provisions. For although the act begins as though its sole purpose was to extend the time in which bills should be prepared in the states of case referred to, it is greatly expanded as it proceeds, and unquestionably makes the agreed notes a part of the record without any approval of the presiding judge. But counsel argues that the act does not, *eo nomine,* make such notes a bill of exceptions, but, on the contrary, declares that they shall be " a part of the bill of exceptions," thus implying that they can perform no function unless they are incorporated into and become a part of a regular bill. But a bill of excep-

tions is nothing more than a written memorial, authenticated according to law, by means of which extraneous matters are brought into and made a part of the record. The statute declares that the stenographer's notes agreed to be correct by counsel shall thereby become a part of the record, and, also, that the same shall constitute " a part of the bill of exceptions." Counsel argue that the provision that the notes shall be a part of the bill of exceptions implies that they cannot be the whole bill; that if they do not constitute the bill of exceptions they are not a part of the record, and thus, by refined reasoning, bring one clause of the act to stand in palpable conflict with another. What is meant by the words " shall constitute a part of the bill of exceptions," is that when matters other than the proceedings noted by the stenographer, are desired to be incorporated into the record, these only need be authenticated by the judge, and, when this is done, the agreed stenographer's notes, made part of the record by the statute, may be looked to as a part of the bill. But when the stenographer's notes contain all that is desired to be incorporated into the record, and show, as in the case before us, the rulings of the court, the matters ruled upon, and the exception of the party, they constitute, in the very nature of things, a bill of exceptions, and, being a part of the record, may be used as such.

*The motion is denied.*

*On the merits:*

This was a suit upon a dramshop keeper's bond, under § 1582, code 1892, brought by the state for the use of Hinds county, on the information of Mrs. Mollie Guiney. The declaration charged that the principals in the bond were duly licensed to keep the dramshop and sold liquors to Hugh S. Guiney, the informer's husband, and that the husband was a person in the habit of becoming intoxicated, etc. During the progress of the trial defendants moved the court to exclude from the jury a part of the testimony of one of the witnesses, and the court reserved its decision on the motion. When the

plaintiff rested the case, the defendants, the court not having acted upon the question reserved, moved the exclusion of all the evidence, and this last motion the court below sustained, and the judgment was for defendants. The plaintiff appealed.

*W. Calvin Wells*, for appellant.

In the case of *Rightor* v. *Beaumont*, 67 Miss., 285, this court says, "A motion to exclude all the evidence of a party should be sustained only where it is clearly and unmistakably insufficient to sustain the issue," and in the case of *Chicago, etc., Railroad Co.* v. *Doyle*, 60 Miss., 977, this court uses this language: " When the facts are disputed, or the just inferences from disputed facts are doubtful, depending upon the general knowledge and experience of men, it is the judgment and experience of the jury, and not of the judge, which is to be appealed to;" and, in the case of *Mississippi, etc., Packet Co.* v. *Edwards*, 62 Miss., 534, this court announces that " the power to exclude should be cautiously exercised." A motion to exclude all the testimony ought not to be sustained if a demurrer to the evidence would not be, for the two, so far as sustaining them is concerned, are governed by the same principles of law, and the same rules govern as to the giving of a peremptory charge.

In the case of *Mobile, etc., Railroad Co.* v. *McArthur*, 43 Miss., 180, this court discusses fully the question as to when a demurrer to the evidence should be sustained. The court there says: " The party demurring is bound to admit as true not only all the facts found by the evidence introduced by the other party, but also all the facts which that evidence may fairly tend to prove." See, as approving this rule, *Jordan* v. *Foxworth*, 48 Miss., 608, and *Western, etc., Co.* v. *Mayer*, 64 Miss., 797.

In reference to a peremptory instruction, in *Tribbette* v. *Illinois, etc., Railroad Co.*, 71 Miss., 227, this court says: " The peremptory charge was not erroneous if there was no evidence

to warrant a verdict for the plaintiff in any view of it which might be taken. . . . If there was no evidence reasonably tending to establish plaintiff's contention, the peremptory charge was correct. . . . If there was such evidence, then the charge was incorrect." And, in *Holmes* v. *Simon*, 71 Miss., 245, the court says: "It is only where a verdict could not be permitted to stand that a peremptory instruction can be given. . . . It will not do for the judge to take the case from the jury and decide it himself because he thinks it should be decided that way." See, also, *Richardson* v. *Tolliver*, 71 Miss., 966; *Nesbitt* v. *Greenville*, 69 Miss., 22; *Cantrel* v. *Railway Co.*, 69 Miss., 438; *Lowenstein* v. *Powell*, 68 Miss., 73.

An application of these authorities and the principle announced to the evidence in this cause, will demonstrate that the judgment should be reversed.

*Williamson & Potter*, for appellees.

The court below correctly excluded all of the plaintiff's evidence, because all of it which proved, or tended to prove, a sale of liquor by the principals in the bond to Mr. Guiney, except the testimony of the informer herself, clearly and unquestionably related to sales before June 5, 1894, the date of the execution of the bond. If Mrs. Guiney's testimony did not entitle the case to be passed upon by the jury, there can be no question but that the judgment appealed from should be affirmed.

We proceed therefore to consider the testimony of this lady. There certainly can be no recovery in this case without proof of a sale to Mr. Guiney, after the execution of the bond, and it is a failure by the informer to give evidence of this indispensable fact to her case, which condemns it. The only part of her testimony on the subject of a sale is to this effect, and we put it as strong for her as the record will justify. Guiney left home one night drunk, the wife followed him, having a little boy to accompany her; when she came near the dramshop

of Spengler & Muller, she saw her husband come out of the place; she then sent the boy into the shop to request Muller to come out. The boy went in, and Henry Muller, not the proprietor, but a clerk, returned with him. Upon his approach, Mrs. Guiney said to him: "You have sold whisky to Mr. Guiney," to which the clerk replied: "Yes, ma'am." This is the whole of it. Now, we contend that this was incompetent to prove a sale, and, further, if it be held admissible at all, it was insufficient in law upon which to predicate a verdict for the plaintiff. It was not a part of the *res gestæ*, for it was a narrative of a past event; it was not an admission of a principal, but a mere declaration of an agent not then acting for his principals. *Mayes* v. *State*, 64 Miss., 333; *Kramer* v. *State*, 61 Miss., 558; *Meek* v. *Perry*, 36 Miss., 359; *Dickerson* v. *Williams*, 50 Miss., 500; *Moore* v. *Railway Co.*, 59 Miss., 243; *McGowan* v. *Railway Co.*, 62 Miss., 682; *Forsee* v. *Railway Co.*, 63 Miss., 66.

And, again, the pretended sale of which, it is claimed, the informer gave testimony, was not specified or mentioned in the bill of particulars which was required under § 705, code 1892. The statute under which the suit was brought is a highly penal one, and this ought to have its influence in reaching a conclusion on the questions presented by this record.

Argued orally on the merits by *W. Calvin Wells*, for appellant, and by *W. H. Potter* and *C. M. Williamson*, for appellees.

WOODS, J., delivered the opinion of the court on the merits.

Regard being paid to the evidence of the plaintiff alone, and giving it, taken all together, such weight as it was fairly entitled to, did it make out, or tend to make out, the case of the plaintiff? And could and should a court permit a verdict for plaintiff on that evidence to stand? We are clearly of opinion that both of these questions must be answered affirmatively, and so answering, we must declare the action of the court in excluding all the evidence of the plaintiff to be erroneous.

The evidence of Hugh Guiney himself—evidently a not willing witness for plaintiff—on his examination in chief, was sufficient to establish the sale of the liquor, as complained of by plaintiff (and this is the only fact over which any serious controversy appears in the transcript), and whether his evidence in chief, or that brought out on cross-examination, was true, should have been submitted to the jury. But there was other evidence supporting the plaintiff's contention on this point. The evidence of the witnesses, Black, McGowan, Hanna, and Cox, leaves no reasonable doubt in the candid mind that Mr. Guiney was a frequenter and patron of the saloon of Spengler & Muller. When to this is added the somber light of the harrowing evidence of the unhappy wife, the conviction that the husband did buy liquor as charged in the complaint, is much strengthened. That the husband came from the saloon of defendants in a state of intoxication, and with a bottle of whisky obtained at that saloon the very night before the despairing wife followed him up town, and saw him come out of this saloon, and was told by young Muller that he had just sold him liquor, is wholly undisputed. These facts, with the perfectly legitimate conclusions to be drawn from them, would, in our opinion, uphold a verdict for plaintiff. It must be remembered that the case was not required to be made out beyond reasonable doubt, but only with reasonable certainty.

For the present, we do not pass upon the competency of young Muller's statement made to Mrs. Guiney. The learned court below did not exclude this statement, on defendant's motion, because of its incompetency, and we are not called upon to decide what was not ruled upon below. The court below excluded all the plaintiff's evidence because of its insufficiency, and this we hold was error.

*Reversed and remanded.*