PETER ALEXANDER *v.* JULIA B. FLOOD.

SUPREME COURT. *Practice. Instructions. Laws* 1896, *p.* 91.

Objections to instructions not made in the court below, either when they were given or on motion for a new trial, will not be considered by the supreme court; and this rule is not changed by the act of 1896 (Laws 1896, p. 91), on the subject of stenographer's notes.

FROM the circuit court of Lowndes county.

HON. EUGENE O. SYKES, Judge.

This was a suit by Mrs. Flood, appellee, against Alexander, the appellant, to recover damages for cutting trees on the plaintiff's land. The judgment of the court below was in plaintiff's favor, from which defendant appealed. The opinion of the court gives the state of the record upon which the question decided arose.

*Cayce & Sturdivant* and *Calhoon\* & Green,* for appellant.

*Orr & Harrison,* for appellee.

---

\*Judge Calhoon having been of counsel in the case before his appointment to the bench recused himself, and C. H. Alexander, Esq., a member of the bar, presided in his place on the hearing of the cause.

ALEXANDER, Special Judge, delivered the opinion of the court.

We are precluded from considering the errors assigned in the giving or refusing of instructions, because it does not appear that any objection was made to this in the lower court. Such objections must be made either when the instructions are acted on or in the motion for a new trial, otherwise they will not be noticed here. *Bourland* v. *Itawamba County,* 60 Miss., 996; *Georgia, etc., R'y Co.* v. *West,* 66 Miss., 310; *Illinois, etc., R. R. Co.* v. *Minor,* 69 Miss., 710.

Counsel for appellant, while conceding this to be the rule prior to the act of 1896 in reference to stenographer's notes (Laws, p. 91), argue that the effect of this act is to change the rule, and to require this court to pass upon all instructions properly incorporated in the record and as to which error is assigned. Support is sought for this view in the opinion in the case of *State* v. *Spengler,* 74 Miss., 129, which construes the above statute. The court, however, in that case, so far as it dealt with motions for a new trial, was merely considering the change wrought by the code of 1892 in dispensing with the necessity for excepting to the action of the court on such motions. It held that the stenographer's notes, when agreed upon, became part of the record without the signature of the judge, and that formal exception to the action of the court on the motion for a new trial is not now necessary. But the act of 1896 in nowise modifies the rule that this court will not consider objections not in their nature fundamental, made here for the first time.

The nature and office of bills of exception are the same now as before that statute. Section 733, code of 1892, which is the statute providing for bills of exceptions in civil cases, shows that their function is to bring into the record for review in this court "any charge or decision" of the trial judge, and it does this by setting out "the matters of law wherein he is supposed to have

erred." The office of a motion for a new trial also remains the same as before, viz., to specify particular errors supposed to have been committed during the trial. Even in criminal cases, though capital, this court is forbidden to consider errors or omissions not assigned in . the court below. Code 1892, § 4370.

We give full effect in this case to the act of 1896. We do not decline to look to the stenographer's notes or to the motion for a new trial, but looking to them, we find that neither shows any objection to the giving or refusing of instructions. The general ground in the motion that the verdict is contrary to the law, and the evidence is not sufficient to present objections to instructions. The evidence fully warranted the verdict, and the judgment is

*Affirmed.*