John McCorkle *v.* Illinois Central Railroad Company.

[57 South. 419.]

1. Supreme Court. *Exceptions. Instructions. Stenographer's notes.*

Where a peremptory instruction was given by the court and so marked and filed by the clerk, and no motion for a new trial was made, but an exception to the action of the court in granting this instruction was taken at the time, it was given and in due course, a bill of exceptions consisting of the stenographer's notes, embodying all of the evidence was filed, it became a part of the record and was reviewable on appeal without a motion for a new trial.

2. Same.

> In such case where the evidence in the case is made a part of the record by a bill of exceptions, it will be looked to by the court on appeal in order to determine the correctness of the lower court's ruling.

Appeal from the circuit court of Carrol county.

Hon. G. A. McLean, Judge.

Suit by John McCorkle against the Illinois Central Railroad Company. From a judgment for defendant, plaintiff appeals.

This action was begun by the appellant, who was the plaintiff in the court below, and is for damages for injuries alleged to have been sustained by him while attempting to debark from the passenger train of the appellee. The railroad company set up contributory negligence of the plaintiff as a defense to the action. There was a peremptory instruction for the defendant, and the paintiff appeals.

*McClurg & Conger* for appellant.

This honorable court will not find a written peremptory instruction in the record. One in writing was not requested, nor granted. This is supported by the record. It cannot be denied. It will not be. The record shows, as the truth is, a verbal motion to instruct the jury to find for defendant. The court verbally did it. No law for it, but all law against it. For this reason the judgment should be reversed. The jury had no instructions but the dictatorial oral order of the judge to find for the defendant. Code, sec. 793. Let the transcript of the record be challenged and a thousand *certioraris* be ordered—no written instruction can be produced. In short, it was a hurried "run-over," unlawful from engines of No. 5 and No. 2 to a hurried Saturday p. m. (as the record shows) "run-over" order by the unusually patient circuit judge. The damages actually inflicted seems from the evidence not to have been se-

rious. But, we most respectfully submit, that there was such an "integration" of facts as to take the case entirely out of the hemisphere of those "rare cases where the 'judge,' at his desk" should assume more practical every day knowledge of the usual actions of men under most vitally trying circumstances. If we are safe on the facts, the law will take care of itself.

*C. L. Sivley* and *Mayes & Longstreet* for appellee.

Counsel now contend that this case should be reversed because the peremptory instruction for defendant was not written out, and was delivered orally by the court. Sufficient answer to this is that, even conceding that the instructions were delivered orally, and even conceding that there is merit in counsel's argument that a written instruction should have been given, appellant cannot, under repeated decisions of this court, raise this question for the first time in this court.

The court will observe that no motion for a new trial was ever requested by plaintiff below. A bill of exceptions was presented and signed by the judge, and of course a general bill of exceptions would not avail to have this point considered by this court, unless there were also a motion for a new trial.

But even conceding that this was intended for, and is accepted by this court as a special bill of exceptions, no exception is made to the oral submission of the peremptory charge.

The bill of exceptions is, as shown by the record as follows:

"To the entry of said judgment the plaintiff, by his counsel, then and there excepted, and prays an appeal to the supreme court, which was granted. Counsel for plaintiff in open court, requested the official stenographer, and said stenographer agreed, to file a typewritten copy of the stenographic notes taken down in said cause within the time prescribed by law.

"Plaintiff, by his attorneys, presents this his bill of exceptions in this cause, to the judge of said court, and prays that the same may be allowed and signed by the said judge as part of this record in this cause, which is accordingly done on this the —— day of November, 1910. Filed Dec. 19, 1910. J. P. Nabors, Clerk; Geo. A. McLean, Judge."

Conceding that this is a sufficient special bill of exceptions to the giving of a peremptory instruction for defendant, it does not except specially to the oral granting of this instruction. This point is raised for the first time in this court, and of course this court will not consider it.

A special bill of exceptions to a judgment of the court will not be considered by this court as a special bill of exceptions to the oral granting of a peremptory instruction.

Even conceding that the instruction was given orally, it is manifest that if the attention of the court had been called to this inadvertence it would have been corrected, and it was due the court that its attention should have been called to it.

Second. As the bill of exceptions was only to the judgment of the court in granting a peremptory instruction this court will, of course, not consider the first assignment of error with reference to overruling objections made by counsel for plaintiff to questions to witness and answers, as to the drunkenness of one Thomas, and to the vague and general second assignment of errors which designates no particular and specific rulings. *Richberger case,* 90 Miss. 806.

Smith, J., delivered the opinion of the court.

The evidence introduced by the plaintiff in the court below was excluded, and a peremptory instruction was granted, charging the jury to find for the defendant. No motion for a new trial was made; but an exception to

the action of the court in granting this instruction was taken at the time it was given, and, in due course, a bill of exceptions, consisting of the stenographer's notes, embodying all of the evidence was filed.

When an instruction is marked "Given," or "Refused," and filed by the clerk, it becomes a part of the record; and, if duly excepted to at the time it was given or refused, the action of the court in giving or refusing the same may be reviewed in the supreme court on appeal, although no motion for a new trial was made. If the evidence in the case is made a part of the record by a bill of exceptions, it will be looked to by the court in order to determine the correctness of the lower court's ruling. Formerly such a bill of exceptions must have been taken and signed by the judge before the jury retired from the bar; but under our present practice of having the evidence taken down by an official stenographer, and afterwards transcribed, this is not necessary, but the stenographer's notes, when transcribed and approved, becomes the bill of exceptions. *Barney* v. *Scherling*, 40 Miss. 320; *Railroad Co.* v. *Chastian*, 54 Miss. 503; *Bourland* v. *Board of Supervisors*, 60 Miss. 996; *Alexander* v. *Flood*, 77 Miss. 925, 28 South. 787.

Under the evidence, it was for the jury to say whether or not appellant was guilty of contributory negligence, and, consequently, the peremptory instruction ought not to have been given.　　　　*Reversed and remanded.*