JOHN B. RAYMOND, EXECUTOR, *v.* THE STATE ET AL.

1. SET-OFF. *Not applicable to demands by the State against individuals.*
    The drawer of a bill of exchange, accepted by the drawees for his accommodation, and by the drawer delivered to the State in payment of a debt owed by him to it, cannot maintain a bill in chancery against the State and the acceptors, to set off against the demand of the State an indebtedness by it to him growing out of a distinct transaction.

2. RECOUPMENT. *Defences to suits by the State against individuals.*
    Defences, growing out of recoupment, to suits brought by the State against individuals are not covered by the foregoing rule.

APPEAL from the Chancery Court of Hinds County.
Hon. E. G. PEYTON, Chancellor.

The complainant's testator, being indebted to the State in the sum of $13,000, and being sued for the debt, gave in full settlement thereof his bill of exchange on J. & T. Green, bankers, which was duly accepted by the drawees, payable in State warrants. After this acceptance was taken by the State in payment of the debt, the drawer acquired from the Pilot Publishing Company sundry accounts for printing against the State, which the legislature had ignored, and made no appropriation to pay. The bill asks that J. & T. Green be enjoined from paying, and the State officers from collecting, the amount due on the acceptance; that the claims for printing may be set off in equity against the acceptance, and the injunction be made perpetual *pro tanto*. The State answered, raising the point that the set-off could not be allowed. From a decree dismissing the bill the complainant appeals.

*M. Green,* for the appellant, cited 1 Vt. 455; 15 Vt. 267; 2 Barb. 258; 6 B. Mon. 119; 27 Miss. 422; Waterman on Set-Off, §§ 377–379, and note; *Smith* v. *Donnell,* 9 Gill & Johns. 89; 40 Miss. 65; 2 Denio, 477; Code 1871, §§ 1573, 1580; 1 Bay (S. C.), 500; 18 Ga. 658; 1 Met. (Ky.) 196; 6 Wheat. 135; 7 Pet. 1; 9 Pet. 319; 15 Pet. 377.

*George E. Harris,* Attorney-General, for the State.

*W. L. Nugent,* on the same side, cited *People* v. *Talmage,* 6 Cal. 256; *Treasurers* v. *Cleary,* 3 Rich. (S. C.) 372; *Hos-*

*ner* v. *De Young*, 1 Texas, 764 ; 1 Met. (Ky.) 174 ; Code 1871, § 1580 ; *State* v. *Joiner*, 23 Miss. 500; *Josselyn* v. *Stone*, 28 Miss. 753 ; *White* v. *Governor*, 18 Ala. 767 ; *Commonwealth* v. *Rodes*, 5 Mon. (Ky.) 318 ; *Commonwealth* v. *Matlack*, 4 Dallas, 303 ; *Chevallier* v. *State*, 10 Texas, 315 ; *State* v. *Leckie*, 14 La. Ann. 636.

SIMRALL, C. J., delivered the opinion of the court.

The case made by the appellant in his bill is susceptible of this abstract statement: Can one set off, against the demand of the State, an indebtedness of the State to himself, growing out of a distinct transaction ?

A set-off is a counter-demand which a defendant holds against a plaintiff, arising out of a transaction extrinsic of the plaintiff's cause of action. Recoupment is distinguished from a set-off in these particulars : 1st, It arises out of matters connected with the transaction or contract on which the plaintiff's cause of action is founded. 2d, It matters not whether it be liquidated or unliquidated. 3d, It is not dependent on any statutory regulation, but is controlled by the principles of the common law.

It is admitted that a State cannot be sued in its own courts unless it has expressly consented to abrogate the prerogative of sovereignty, and allow itself to be sued. A statute permitting such suits would be in derogation of its sovereignty, and would be construed strictly. The rule on this subject was very clearly stated in *State* v. *Joiner*, 23 Miss. 500, *Parmilee* v. *McNutt*, 1 S. & M. 179, and *Josselyn* v. *Stone*, 28 Miss. 753, 761. The State is not included in a general statute of limitations, unless expressly so provided. Nor were the rights of the State as judgment creditor compromitted by the Abstract Act of Feb. 6, 1841 (Acts 1841, p. 93), nor the Enrolment Act of Feb. 24, 1844 (Acts 1844, p. 97). The reason is, that the general words of a statute do not embrace the State, or affect its rights, unless it is specially named, or clearly intended to be included.

The privilege of suing the State is regulated by several sections of the statutes. The State may be sued by " any person having a cause of action, in the manner herein-

after provided." § 1573 Code 1871. Such suits must be brought in the proper court, holden at the capital. Process shall be served on the Attorney-General. Judgments and decrees shall not be enforced otherwise than by an appropriation by the legislature. § 1580. The purpose of the statute is to remit the creditor, after he has made demand of his claim from the proper ministerial officer, to the judicial tribunal, not to enforce payment, but to subject it to the scrutiny of the court, for the ascertainment of its legality and amount. The statute assumes that the courts are more competent to determine the validity of the claim than the legislature ; or, if not more competent, that it is cheaper to settle the disputation there than before the two houses of the legislature. But if the claim has been adjusted by the accounting officers, and a warrant issued by the auditor on the treasurer, there has been an end of the matter, and a suit will not lie on the warrant. *Green* v. *State*, 53 Miss. 148, 152.

It is plain that the entire function of the court is to investigate and adjudicate the claim preferred against the State in a suit brought by the creditor. When that is done, the power of the judiciary is at an end, and satisfaction must be had by a legislative appropriation. The State has not consented, by express words, to subject itself to the statute of set-off. It would be difficult to reconcile that statute with the other provisions referred to. The principle of set-off is that the defendant *pays* the plaintiff's demand, in whole or in part, by his claim against the latter. If successful, *he satisfies*, partially or in full, the plaintiff's demand. If in excess, he has judgment against the plaintiff. But, as we have seen, the State has not consented to any thing more than that the claim of its creditor shall be established by the judgment or decree of the court, reserving to the political department the final determination of whether an appropriation shall be made. The legislature passes finally on the question of payment. That right can be defeated if the court could adjudge its payment as a set-off against the debt due to the State.

But if the State consents to be sued, it is only in the manner prescribed. That has been done in the several sections of the statute referred to. Cases have been cited in the Supreme Court

of the United States where this plea was allowed. *United States* v. *Wilkins*, 6 Wheat. 135; *United States* v. *Macdaniel*, 7 Pet. 1; *United States* v. *Robeson*, 9 Pet. 319; *United States* v. *Bank of the Metropolis*, 15 Pet. 377. But a careful reading of them will show that the right to the plea is referred to the act of Congress of March 3, 1797, c. 20.

It is well settled, that, if the State has not given up its prerogative of non-liability to be sued, a defendant cannot set up a set-off in satisfaction of the demand asserted in a suit brought by the State. *Chevallier* v. *State*, 10 Texas, 315; *Commonwealth* v. *Matlack*, 4 Dallas, 303. Set-off is purely a statutory right, and did not exist at the common law. The defendant who had a cross-demand against the plaintiff was compelled to become actor in a suit at law, or file a bill in chancery. By the settled rules for construing statutes, the government would not be embraced in the statute of set-off, unless named and bound by it. Shortly after the passage of the English statute 2 Geo. II. c. 22, § 13, on this subject, it was held that the crown was not bound by it. Ample provision is made for those who have claims against the government (and who have made demand on the proper officers) to establish them by suit, brought in particular courts, at the capital. The Attorney-General is required to be summoned, and it is made his duty to represent the State, and to reside at the capital. In a suit brought in Wilkinson or Tishomingo County by the State against an individual, if a cross-demand may be pleaded, no notice would be required to be given to the Attorney-General, nor would it be his duty to represent the State; nor could he do so in consonance with other official obligations, — and that in the face of a statute requiring the holder of the claim to sue at the capital, and give notice to that officer, so that he may appear and defend.

These views are sustained in *White* v. *Governor*, 18 Ala. 767, under a constitution and statutes like ours. It may be remarked, to prevent misconception, that the foregoing views have no application to defences to suits brought by the State against individuals, growing out of recoupment.

*Decree affirmed.*