## D. CALLAHAN & CO. *v.* JAMES A. NEWELL ET AL.

1. APPEAL.   *From justices' court.   Judgment by default.*

   Appeals from judgment of justices of the peace are to be tried anew as if never tried before, and any defense may be set up for the first time in the circuit court, although the appeal is from a judgment by default. *Marx* v. *Trussell,* 50 Miss. 498, distinguished.

2. SAME.   *Costs.*

   Section 2384 of the Code 1880 arms the circuit court with authority as to costs on appeals from justices' courts, under which any abuse by a defendant of the right to set up a defense for the first time in the circuit court could be prevented from doing injury to the opposite party.

APPEAL from the Circuit Court of Attala County.

HON. C. H. CAMPBELL, Judge.

The facts are stated in the opinion.

*Allen & McCool,* for the appellants.

1. Appeals in the circuit court shall be tried *anew* in a summary way without pleading in writing.   Section 2354, Code 1880.   And there are no exceptions made by the provisions of the code referred to between litigants in justice's court who suffer judgment by default to be rendered against them, and those who appear and plead as to their right of appeal.   The statute regulating appeals expressly says that "either party may appeal to the circuit court," and we presume if the legislature intended to preclude litigants in justices' courts who suffered judgment by default the right of appeal, an exception would have been made as to that class.

2. The constitution expressly declares that "in all cases tried by a justice of the peace the right of appeal shall be secured." Art. VI, § 23 Const. of Miss.

3. The court below erroneously construed the above section of the code applying the rule that litigants in justices' courts could not be heard in circuit court on appeal from a judgment by default. The dissatisfied party is only required to give notice of his dissatisfaction and of his desire for a trial *de novo* in the circuit court, accompanied by a bond, within the five days.   52 Miss. 299; see *Meridian* v.

*Trussell,* 52 Miss. 711; *Aaron* v. *Podesta,* 60 Miss. 82; *M. & O. R. R. Co.* v. *Dale,* 61 Miss.

*Haden & Dodd,* for the appellees.

1. The sole question for determination by the court in this case is whether the appellants in this action, having failed and refused to plead before the justice of the peace before whom the case was pending, were entitled to plead and make an issue for the first time in the circuit court.

2. Section 2205 of the Code of 1880 provides for such trials before a justice of the peace, and says: "On the return day of the summons the justice of the peace shall proceed to hear and determine the same if the parties appear, etc." But the appellants, though present in court by their attorneys on the trial day, as shown by the record, declined to plead and purposely omitted to join issue, and allowed judgment by default to be taken against them.

3. Are the appellants not estopped from pleading for the first time in the circuit court, under the above facts, as disclosed by the record, or is it true that the law provides for the commencement of cases in the justice's court, and a trial of the case in the circuit court? *Marx* v. *Trussell,* 50 Miss. 498.

4. The judgment of the justice of the peace determined all questions that ought to have been presented, and the defendants are estopped from pleading the first time in an appellate court. Bigelow on Estoppel, 2d edition, 103 and note. See also *Davis* v. *McCorkle,* 14 Bush. 746; Bigelow on Estoppel 584, 585 and note; *Thompson* v. *Thompson,* 4 McLean 96; *Reed* v. *Pratt,* 2 Hill (N. Y.) 64; *Dun* v. *Keegin,* 4 Ill. 292.

CAMPBELL, C. J., delivered the opinion of the court.

The defendant in a suit before a justice of the peace did not appear and defend it, but within five days after judgment by default against him appealed to the circuit court, where, on motion of the plaintiff, the court dismissed the appeal and rendered final judgment against the defendant and surety on the appeal bond, refusing to permit any defense because it had not been made before the justice.

This was erroneous. Appeals from judgments of justices of the

peace are to be tried anew, as if never tried before, and any defense may be set up for the first time in the circuit court. Section 2384 of the Code of 1880, arms the circuit court with the power to tax costs in such cases according to the justice of the case, and under this authority any abuse by a defendant of the right to set up a defense in the circuit court for the first time on appeal could be prevented from doing injury to the opposite party. This suggestion is in response to the argument of counsel as to the danger of a defendant withholding his defense until it is disclosed in the circuit court, but it seems to us that no obligation rests on a defendant to appear before the justice of the peace, and that he may submit to a judgment by default and appeal and make his defense for the first time in the circuit court, and in doing so he is but exercising his statutory right, and no case occurs to us in which because of this course alone any costs should be taxed against him. We suppose that *Marx* v. *Trussell*, 50 Miss. 498, misled counsel and court below. It decided that a set-off could not be availed of in the circuit court on appeal for the first time. That may be true because a set-off is a cross action, and to allow it in such case would be to permit a recovery in the circuit court in an action begun there, and not one appealed from a justice of the peace, but this does not apply to a defense of the suit. Everything merely defensive is involved in the suit before the justice, and although not disclosed before him is involved in the case on appeal and cannot be said to be something brought into it in the circuit court which was not in it before. The two cases are clearly distinguishable.

*Judgment reversed and cause remanded to the circuit court to be tried anew.*