GEORGE ARMSTRONG *v.* GADDIS WHITEHEAD.

APPEAL. *Error. Motion for new trial necessary. Cross-appeal.*

 A cross-appeal which predicates error alone of the rulings of the trial court, admitting and excluding evidence, will be dismissed, on motion, if the cross-appellant did not move for a new trial in that court.

FROM the circuit court of Yazoo county.

HON. ROBERT POWELL, Judge.

Armstrong, appellant, was the plaintiff, and Whitehead, appellee, was defendant in the court below. From a judgment in plaintiff's favor, but for a sum much less that his demand, he appealed to the supreme court, and the defendant then prose-

Against the motion.

cuted a cross-appeal. Thereupon the appellant moved the court to dismiss the cross-appeal, because the cross-appellant, defendant, did not move for a new trial in the court below. The facts are stated in the opinion of the court.

*E. S. Barnett* and *Barnett & Perrin,* for the motion.

The purpose of a motion for a new trial is to bring to the notice of the trial court the errors complained of, in order that it may have an opportunity to correct its judgment, and in order that an assignment of error passed upon by the trial court may be made for the appellate court.

Appeal and cross-appeal both serve the same purpose—viz., to correct error alleged to have been committed prejudicially to party taking the one or the other; each rests upon different assignments of error; the right to the one is wholly independent of the right to the other; which is appellee and which is appellant is not determined by the judgment of the court, but by which first petitions for a revision of that judgment. Had Gaddis Whitehead appealed and Armstrong cross-appealed, under the present status of the record, the appeal would have been dismissed and the cross-appeal sustained. It is clear, therefore, that the right to the one is wholly independent of the right to the other, and that each rests upon the same independent basis.

When appellees suffered the judgment of the trial court to become final, without having signified their dissent thereto by motion for a new trial, setting out an assignment of error which they complained of, the presumption is that they were satisfied the court, upon the whole record, had arrived at a correct judgment.

*Henry & Barbour,* against motion.

Why should defendants have filed a motion for a new trial? They were willing to pay the sum awarded rather than incur the expense incident to an appeal to the supreme court, but since

forced to the expense, they desire to avail themselves of their right of cross-appeal to correct the errors made by the lower court against them, and to which exceptions were duly made. What is the purpose of a motion for a new trial? Is it because of any sentimental idea that the trial judge may have an opportunity to review his own action and save himself a reversal in the supreme court? It is required, so that the trial judge may review the case, and if there be error in it, grant a new trial and save to the parties the *cost* and *expense* incident to an appeal. As expressed in *Wilbur v. Kirkendall,* 44 Neb., 766, "Primarily, the office of a motion for a new trial is to afford the court an opportunity to correct errors in the proceedings before it *without subjecting parties to the expense and inconvenience* of appeal or petition in error."

The parties in this case having been subjected to the expense and inconvenience of appeal by the appeal of appellants, the cross-appeal does not add to the expense, though it may be a little inconvenient to counsel on the other side. The reason of the rule for the motion for a new trial having ceased, the rule ends.

Our view is that the cross-appeal is simply an accompaniment, as it were, to the direct appeal, and rests with it. Would not a dismissal of the direct appeal carry with it the cross-appeal? But a dismissal of the cross-appeal would not affect the direct appeal. In *Wilson* v. *Jourdan,* 79 Miss., 133, our court held that the cross-appellant is not required to give any bond. The whole record is before the court in this case, as it was in that, and that being the case the cross-appellant is given the benefit of all errors to which the attention of the lower court was called.

It occurs to us that it would be anomalous for both parties to make motions for a new trial. The motion of the plaintiff is overruled; the motion of the defendant, sustained. That means that the plaintiff has obtained just what he wanted, a new trial of the whole cause, for the circuit judge could not limit the

1c

new trial. The whole case would be heard anew. The appeal in this case is in reality an appeal from the judgment of the court.

WHITFIELD, C. J., delivered the opinion of the court.

Appellant sued appellee for $144. In the course of the trial appellee, defendant below, reserved various exceptions to the action of the court in admitting and excluding evidence. So it was, however, that ultimately the judgment was rendered in favor of appellant, plaintiff below, for only $59. Defendant below made no motion for a new trial being satisfied with the result. Plaintiff below, dissatisfied with the amount of the recovery, made a motion for a new trial, which was overruled, and then brought the record to this court by appeal. Defendant below, finding plaintiff below had appealed, petitioned the circuit clerk for a cross-appeal and has here cross-assigned errors predicated upon the action of the court below in admitting and excluding evidence in the course of the trial, the court having overruled his objections, and he having excepted at the time. Appellant, plaintiff below, moves to dismiss the cross-appeal because the defendant below made no motion for a new trial.

In *Chastine's case,* 54 Miss., 503, following the statute prior to the code of 1892, §739, it was held that this court would not pass upon the action of the court below in overruling a motion for a new trial, where that particular action of the court had not been excepted to below, but the court, nevertheless, looked to the bill of exceptions, and the record, and for instructions improperly refused, and evidence improperly admitted, reversed the case. But, let it be marked, there was a motion for a new trial in that case, and the court below acted on that motion overruling it. In *Spengler's case,* 74 Miss., 129 (s.c., 20 So., 879; s.c., 21 So., 4), the court pointed out the fact that § 739 of the code of 1892 changed the rule that this court would not pass on the action of the court below in overruling a motion for a new trial where such action in over-

ruling the motion had not been excepted to. But, let it be marked again, there was in *Spengler's case* a motion for a new trial, and a judgment of the court below overruling the motion. The important thing to note in *Chastine's case* and *Spengler's case* is that in both the party appealing had specifically called the attention of the court below to the errors complained of, not simply by excepting in the course of the trial, but by repeating the exceptions in motions for new trials on which the court acted. It would be very unfair to the court below, for this court to pass upon errors assigned here for the first time, which had never been called to his attention in a motion for a new trial below. The object of the motion for a new trial, and the reason requiring it to be made and acted on in order that this court may review the action of the court below, is clearly set out in 14 vol. Ency. of Pl. and Pr., p. 846.

"*a. Generally.*—The office of a motion for a new trial is two-fold: first, to present the errors complained of to the trial court for review and correction, or to secure a new trial; second, to preserve the same errors in the record, so that the ruling of the trial court in granting or refusing a new trial may be reviewed by the appellate court. It is a general rule that all errors correctible by motion for a new trial and not so assigned are deemed to have been waived by the applicant for the new trial. Unless the motion for a new trial has been presented and considered by the lower court and its ruling preserved, the errors assigned in such motion will not be reviewed by the appellate court.

"*b. To Obtain Review by Trial Court.*—To secure a review in the trial court of errors committed at the trial, the complaining party must except to the errors and irregularities at the time when the rulings of the court thereon are made, and must call the attention of the trial court to such rulings by assigning them as errors, and as grounds for a new trial; otherwise such errors will be deemed waived.

"*c. To Obtain Review by Appellate Court.*—(1) *Necessity*

*of Motion and Ruling Thereon.*—It is a well-known rule of appellate courts that errors of the trial court occurring during the trial will not be reviewed unless such errors have been called to the attention of the trial court, and an opportunity given to correct them. It is necessary, therefore, to present such error to the trial court by a motion for a new trial and to secure a ruling on the motion."

And in Thomp. on Trials, sec. 2712:

"*Motion Necessary to Preserve Errors in the Record for Review.*—The motion is necessary to enable the court to correct such errors, occurring at the trial, as do not appear on the face of the record proper, as where it is insisted that there is no evidence to support the verdict, or that the verdict is against the law and the evidence, or that the evidence does not authorize the judgment, or that there is an error in the verdict of the jury, or where it is alleged that court erred in matter of law, either in admitting or rejecting evidence, or in giving or refusing instructions, or where it is alleged that there has been misconduct on the part of the jury, or that the damages assessed are inadequate, or excessive, or, in a criminal case, for an alleged error because of the non-arraignment of the defendant. The grounds upon which the motion is to be made are expressly enumerated in a majority of the practice acts of the various States, and include generally such errors in the mode of trial as do not otherwise appear on the record, but which are proper matters of exception. And when no motion for a new trial is made in the trial court to correct such errors, most of the decisions hold that they are deemed to have been waived, and that the appellate court will refuse to review them."

Judge Thompson properly calls attention to the distinction which exists in such cases between those exceptions which would appear upon the face of the record and which the judge would be supposed consequently to have always in mind, and the very different character of exceptions which are made in the current course of a trial and set forth in the ordinary bill of ex-

ceptions, and which do not appear elsewhere. Here we have a case in which it would have been very easy for the defendant to have put the record in such shape by making a motion for a new trial, and having the court overrule it, as would have enabled him when the appellant brought the whole record here, to cross-assign error. The defendant did not choose to do that. He did not call the attention of the court below, as it was just he should have done, to the errors on which he finally relied, by setting them out in a motion for a new trial, and, of course, there being no such motion, the court below acted on no such motion. Unlike *Chastine's* and *Spengler's* *cases,* the case contains no motion for a new trial at all on the part of the defendant below, and for reasons given in the authorities cited the motion will be sustained.

*Cross-appeal dismissed.*