## GEO. HAYES ET AL. *v.* SLIDELL LIQUOR CO.

[55 South. 356.]

1. SUPREME COURT.    *Appeal.    Motion for new trial.    Recoupment.    Peremptory instruction.    Trial.*

   The general rule is that alleged errors of the trial court, occurring during the trial, will not be revised on appeal, unless such errors have been called to the attention of the trial court in a motion for a new trial.

2. SAME.

   Error in giving a peremptory instruction is analogous to a demurrer to the evidence and is reviewable on appeal, although no motion for a new trial was made in the trial court.

3. RECOUPMENT.    *Set-off.*

   Recoupment is distinguished from set-off in these particulars:

   1st.    It arises out of matters connected with the transaction or contract on which the plaintiff's cause of action is founded.

   2nd.    It matters not whether it be liquidated or unliquidated.

   3rd.    It is not dependent on any statutory regulaton, but is controlled by the principles of the common law.

4. PEREMPTORY INSTRUCTIONS.

Where the evidence tends to establish a legal defense, a peremptory
instruction should not be given against the defendant.

APPEAL from the circuit court of Lamar county.
Hon. A. E. WEATHERSBY, Judge.

Suit by the Slidell Liquor Company against Hayes et
al. From a judgment for plaintiff, defendant appeals.
The facts are fully stated in the opinion of the court.

*J. T. Garroway,* for appellants.

This is a case where the Slidell Liquor Company
brought suit against George and C. H. Hayes for the
sum of $78.25 on an itemized bill of goods, the princi-
pal amount being for a certain lot of phosphate, which
the appellants claim they bought from the appellee, and
that the appellee guaranteed was not intoxicating and
that he would stand any loss that the appellant might
sustain in case the goods were intoxicating, and the de-
fense to this suit was that the appellant sustained dam-
ages in a greater sum than the appellee was suing for
which defense is clearly set up in a plea of recoupment
(see plea of recoupment). This case was tried at the
July, 1910, term of the circuit court of Lamar county,
and a peremptory instruction given for the plaintiff
below for the full amount from which judgment the
defendant prosecutes this appeal.

Recoupment was the proper remedy under the facts
in this case, and this remedy is not denied nor was it
objected to in the trial court and the testimony of the
defendant below and the witness Steve Brown substan-
tiates the facts set up in the plea of recoupment, and the
same was a question of facts that should have been sub-
mitted to the jury, and it was error for the trial court
to have given a peremptory instruction. See *Myers* v.
*Estell,* 47 Miss. 4. The appellant's plea of recoupment
sets up certain facts among which he claims that the

appellee agreed to sell him a lot of phosphate and guaranteed that it was not alcoholic, and that if he should sustain any loss as a result of same being intoxicating that he would stand between him, and the law, and that he relied upon the statements and representations of the appellee and that afterwards the officers of the federal government visited the place of business of the appellant, and found the goods and analyzed same and found them to be intoxicating and in violation of the state and federal laws, and that appellant was forced to pay out the sum of ninety-six dollars, and no one denies that the appellant paid out this sum of money for the handling of this beverage. It is true that Plant, the owner of the Slidell Liquor Company, appellee, denies making any guarantee of the goods being non-alcoholic, or that he would stand any loss as a result of the law, but this was a controversy of fact that was solely within the province of the jury to pass upon. The testimony of George Hayes shows conclusively that the phosphate sued upon was intoxicating, and he was compelled to discontinue handling it. It is also testified to by the witness, Steve Brown, that it had the same effect that whiskey would, and if this was true or would have been believed by the jury then the appellant would have been entitled to whatever amount of damages he sustained, since it did not exceed the amount that he was sued upon. See *Myes* v. *Estell,* 47 Miss. 4, and *Raymond* v. *State,* 54 Miss. 562. Again the record of testimony shows that the defendant was prevented from telling all about the transaction between himself and the plaintiff on account of the many objections made by the plaintiff, and sustained by the court, all of which the defendant should have been permitted to tell about and have submitted to the jury which was denied.

We submit that there is not to be found a case that will warrant a court in granting a peremptory instruction where there is as sharp conflict in the testimony as

there is in this case, and we submit to affirm this case would mean to write new law, and take away from the jury their right to pass upon the weight of testimony and the credibility of witnesses. Where there is a material conflict of evidence, a peremptory instruction should not be given. *Richardson* v. *Toliver,* 71 Miss. 966; *Thrasher* v. *Gillispie,* 52 Miss. 840; *Catrell* v. *Railroad Co.,* 69 Miss. 435; *Timberlake* v. *Compress Co.,* 72 Miss. 323.

A peremptory instruction is proper only where all the facts in evidence taken as true with every just inference from them fail to maintain the issue. *Whitney* v. *Cook,* 53 Miss. 551.

Where the plaintiff's evidence does not conduce to prove the cause of action the court may instruct for the defendant. Such power should not be exercised except in cases where there is no room for doubt, as in case of a demurrer to evidence such instruction should not be given, if the evidence taken as wholly true proves, or fairly tends to prove the case. *Swain* v. *Insurance Co.,* 52 Miss. 704.

And if there is any conflict in the evidence the view which is most favorable to the party against whom the instruction is asked must be taken as true. *Carson* v. *Leathers,* 57 Miss. 650.

If there is any evidence tending to sustain or support the grounds of an attachment and upon which the jury might find for the plaintiff, it is error to give a peremptory instruction for the defendant. *Lowenstein* v. *Powell,* 68 Miss. 73. Also, *Doyle* v. *Railroad Co.,* 60 Miss. 977.

*C. G. Mayson,* for appellee.

Appellants in their second and third assignments of error complain of the exclusion of certain proffered testimony. The action of the court was manifestly correct. It will be observed that the appellants elected to present the grounds of their defense in a written plea. That they

could do so if they wished, but having chosen that method, they are held to that degree of strictness in pleading that would be required in a court where written pleadings are necessary. The proposed testimony sought to establish matters not pleaded and was, of course, properly excluded. The plea sets forth that the beverage was analyzed and found to be intoxicating and that there was then a breach of warranty. The record will be searched in vain to discover even a semblance of testimony of that character, yet that was affirmative matter, a necessary element in the defense and necessary to be proven in order to establish the defense. It will also be seen that if any representation of the non-alcoholic or non-intoxicating qualities of any beverage was made, it was made with reference to the initial sale —goods long since consumed before that in question had been sold and delivered.

After the alleged seizure the appellants made no effort to restore the *status quo ante.* If they desired to rescind the contract of sale, it was their duty to return the goods to the seller, or to place him as nearly in the condition that he was in before the sale as possible.

Their own acts show that they did not even repudiate the contract of sale. If any guarantee was in fact made, they waived it. They made sundry payments on the account after the trouble arose. Should it be contended that such a case is made as would entitle the appellants to damage, there is nothing by which the measure could be determined. Hayes says he paid ninety-six dollars for some purpose, but for what purpose cannot be determined. Whether all or merely a part is legitimate damage, it is impossible to ascertain. Surely the items of damage are not even certain to a common intent. We do not know how much, if any, revenue license was paid. If the appellants paid the revenue license and desired to rescind the sale it was their duty to return such of

the goods as they had on hand. *Ware* v. *Houghton,* 41 Miss. 370.

If a breach of warranty in the sale of goods is relied on to defeat the action for their purchase price, the purchaser must return or offer to return them in a reasonable time after the discovery of the breach, unless the goods are valueless. *Eastern Granite Roofing Co.* v. *Chapman & Co.,* 140 Ala. 440, 37 So. 1991, 103 Am. St. Rep. 58.

Upon a view of the record of this case it will be seen that the court did right in directing a verdict for the appellee.

*McWillie & Thompson,* for appellee.

On the trial of this case, the plaintiff moved to exclude all of the defendant's evidence and for a peremptory instruction, and the court below sustained the motion and defendant excepted.

The granting of the peremptory charge to find for the plaintiff followed as the corollary of the exclusion of all of the defendants' evidence, and the matter was really one, therefore, involving the exclusion of evidence. In other words, the evidence for defendant being excluded there was no course open to the jury except to find for the plaintiff.

No motion for a new trial was made by the defendants, aand they rely on the fact that the stenographer's notes show that they excepted to the above ruling as being sufficient to warrant this court in reviewing the same. This court is firmly committed to the doctrine that the court below must be given opportunity to correct its own errors, and that exceptions to the exclusion of evidence will not be considered unless made the ground of a motion for a new trial. *Richburger* v. *State,* 90 Miss. 806; *Day* v. *State,* 91 Miss. 239; *Carpenter* v. *Savage,* 93 Miss. 233.

There is nothing in the act of 1910 (laws, p. 93), or any other statute dispensing with motions for new trials, or altering their office and nature in any way.

ANDERSON, J., delivered the opinion of the court.

The appellee, the Slidell Liquor Company, sued appellants, George and C. H. Hayes, for a balance claimed to be due by appellants to appellee on open account. There was a verdict and judgment for appellee, from which appellants prosecute this appeal.

Appellants admitted the correctness of the amount sued on, but interposed thereto the following plea of recoupment: "Come the defendants and for plea in their behalf say that they do not deem themselves indebted to the Slidell Liquor Company, or under any obligation to pay any sum whatever; that in truth and in fact the plaintiffs in this cause are justly indebted to the defendants in the sum of $36.00 (thirty-six dollars); that whereas, heretofore, to wit, about two (2) years ago the plaintiffs, through one of their agents, approached defendants, and insisted upon defendants taking a shipment of phosphate, that defendants did not desire at that time and refused to accept, but by persistent efforts on the part of the plaintiff, through their agent, that the goods were harmless and non-intoxicating, the defendants agreed to accept sixty dollars worth of said phosphate, solely upon the representation, statements, and promises, and the guaranty of the plaintiffs that the same were non-alcoholic, all of which representations, statements and promises were knowingly and willfully made by the agent of said plaintiffs; and that afterwards, to wit, about ——— months from the date of the purchase, one of the officers of the United States federal government entered the place of defendant and analyzed said phosphate, and it proved then and there alcoholic and in violation of the United States federal law, the state laws, and the laws of the municipality; and that, as a result of said investi-

gation by said federal officer, defendants herein were forced by the laws of the federal government, to prevent rigid enforcement of the law and imprisonment, to pay out the sum of ninety-six dollars in good and lawful money of the United States, all of which was caused by the fraudulent representations and misrepresentations and statements made by the plaintiffs' agent herein, and by reason of said statements, which were knowingly and fraudulently made, the defendants herein have paid out thirty-six dollars more than they are due plaintiffs. Wherefore they counterclaim and recoup and set off said indebtedness.''

Appellee joined issue on this plea, and after all the testimony was in for both appellants and appellee the court instructed the jury to return a verdict in favor of appellee, which was done, and judgment entered accordingly. The action of the court in granting this instruction constitutes the only assignment of error in this court. There was no motion for a new trial by appellants. All the testimony was embodied in a bill of exceptions, which is in the record, and which shows that, at the conclusion of the testimony, appellee moved the court to exclude all of appellants' testimony, and for a peremptory instruction to the jury to return a verdict in appellee's favor, which motion was sustained, to which action of the court appellants excepted.

It is contended on behalf of appellee that the action of the court below, in granting the instruction to the jury to return a verdict in its favor, is not reviewable by this court, because of the failure of appellants to enter a motion for a new trial, assigning therein such action of the court as a ground of the motion. The general rule is that alleged errors of the trial court, occurring during the trial, will not be reviewed on appeal, unless such errors have been called to the attention of the trial court in a motion for a new trial, in which they are assigned as grounds of the motion, and an opportunity

thus given to correct them, followed by a judgment over-ruling such motion. *Armstrong* v. *Whitehead,* 81 Miss. 35, 32 South. 917. This rule, however, is not universal. It was held in *Nicholson* v. *Karpe,* 58 Miss. 34, that where a jury is waived, and the questions of law and fact submitted to the judge for adjudication, "a general bill of exceptions, embodying all the testimony, may be taken to his judgment, which will be considered by this court, although no motion for a new trial is made or acted upon in the court." It is said in 14 Ency. Pl. & Pr., p. 850: "It has been held that a ruling on a demurrer to the evidence is a decision occurring at the trial, and therefore a motion for a new trial is necessary to secure a review. The weight of authority, however, is that such decision is a judgment which may be reviewed without a motion for a new trial, except as to error in the assessment of damages."

We approve the authorities holding to the latter view as declaring a more reasonable rule than those holding to the contrary. The giving of a peremptory instruction is analogous to a demurrer to the evidence. Such an instruction raises the question whether the evidence as a whole, and every reasonable inference therefrom, taken as true, tends to establish the cause, or defense, as the case may be. In determining whether such an instruction shall be given, the trial judge adjudicates both questions of law and fact, which are effectually brought to his attention as if they were embodied in a motion for a new trial. In such a case, the reason for requiring a motion for a new trial fails. There is no more reason for such a motion, in order to have the question reviewed on appeal, than in a case where a jury is waived and the judge adjudicates the questions of law and fact.

"Recoupment is distinguished from set-off in these particulars: First, it arises out of matters connected with the transaction or contract on which the plaintiff's cause of action is founded; second, it matters not whether

it be liquidated or unliquidated; third, it is not dependent on any statutory regulation, but is controlled by the principles of the common law." *Raymond* v. *State,* 54 Miss. 562, 28 Am. Rep. 382; *Myers* v. *Estell,* 47 Miss. 4.

The evidence offered on behalf of appellants tended to establish the fact set out in their plea of recoupment, and was sufficient, therefore, to go to the jury on the issue raised by the plea. The court below erred in directing the jury peremptorily to return a verdict of appellee.

*Reversed and remanded.*