AMORY INDEPENDENT TELEPHONE COMPANY v. R. M. COX.

[60 South. 641.]

1. JUSTICE OF THE PEACE. *Appeal. Set-off. Recoupment. Filing notice. Code 1906, section 2740-86.*

Set-off and recoupment have at law separate and well-defined meanings. Recoupment is destinguished from set-off in that, first it arises out of matters connected with the transaction or contract on which the plaintiff's cause of action is founded; second, it matters not whether it be liquidated or unliquidated; third, it is not dependent on any statutory regulation, but is controlled by the principles of the common law; fourth, its use is defensive only.

2. SAME.

Section 274, Code 1906, requiring the defendant to file with the justice of the peace on or before the return day of the suit any set-off which he may desire to use, etc., has no application to a claim interposed by way of recoupment as this defense can be availed of by the introduction of testimony in support thereof, without filing such notice, either in the justice of the peace court or in the circuit court on appeal.

3. APPEAL FROM JUSTICE COURT. *Filing notice of claim of recoupment.*

While the circuit court on appeal from a justice court might properly deny the defendant's application to file a notice of recoupment on the ground that it was unnecessary, yet where the court denied such application on the ground, first, that notice of such a claim could not be filed in the circuit court for the first time and second, because leave to file it was not requested until after the impanneling of the jury; this constituted reversible error, because this ruling necessarily implied that defendant would not be permitted to introduce evidence in support of his claim for recoupment because filed too late.

APEAL from the circuit court of Monroe county.

HON. J. H. MITCHELL, Judge.

Suit by R. M. Cox against the Amory Independent Telephone Company. From a judgment for plaintiff, defendant appeals.

Section 2740 of the Code of 1906, referred to in the opinion, is as follows: "2740. The defendant in any action shall on or before the return day of the summons, and before the trial of the case, file with the justice of the peace the evidence of debt, statement of account or other written statement of the claim if any, which he may desire to and which lawfully may be set off against the demand of the plaintiff, and in default thereof, he shall not be permitted to use it on the trial."

The opinion states the facts.

*Paine & Paine,* attorneys for appellant.

Our position and the point we are attempting to make in this case is this: There is no statute in the state of Mississippi that requires a defendant to file a recoupment in the justice of the peace court. In other words we contend that a recoupment can be filed for the first time in the circuit court when the case has been appealed from the justice court. Further that recoupment is a creature of the common law and since it is not expressly governed by any statute it follows that it can be plead for the first time in the circuit court, where all cases are tried *de novo.*

The supreme court of this state has recognized the wide difference existing between recoupment and set off and has expressly held that recoupments are not dependent on statutory law but are controlled by the principles of the common law. See *Raymond, Executor,* v. *State,* 54 Miss. 563; *Hayes* v. *Liquor Co.,* 55 So.

Of course section 2740 of the Code of 1906 clearly compels a defendant to file any matter in the nature of a setoff or which may be lawfully set off, in the justice court if the case originates there. We, however, contend that this section does not apply to defenses or pleas which are in the nature of recoupments but is limited strictly to set-offs.

Now let us examine the brief of counsel for appellee and see if it overturns the reasoning as set forth in the original brief of appellant, or if counsel for appellee have any authority to overturn the same.

We wish to call the court's attention to the fact that in neither of the Mississippi cases cited by counsel for appellee does the court, in delivering the opinion, say that counterclaims must be filed in the justice court or the same cannot be filed in the circuit court on appeal; but the court always uses the word "set-off." Counsel for appellee seem to think that the court in those two cass used the word counterclaim, which of course would embrace both set-off and recoupment; but no such word is used by the court. In other words, counsel for appellee in citing these cases and commenting on them and in other places throughout their brief continually use the words set-off and counterclaim as much broader and embraces both set-off and recoupment as shown by the very authority they cite to-wit:    34 Cyc. 629.

The section of the statute to-wit, 2740, of the Code does not say that counterclaims must be filed in the justice court; the section does not use the broad term nor does it imply the broad term counterclaim but only says, "any claim which may be lawfully set off." Of course if this section said all counterclaims must be filed in the justice court then we would be out of court—but as previously said the term counterclaim is not used in this section nor can it be read into the statute.

Counsel for appellee on page 4 of their brief say that recoupment, set-off or counterclaim have been so long allowed that all three are treated under the same head, not only in Mississippi but also in other jurisdictions— yet don't cite a single Mississippi case to support this assertion and make this statement right in the face of 54 Miss. 562, *Raymond* v. *State,* previously cited by counsel for appellant.

The appellee in the case at bar could not claim surprise at the filing of the recoupment in the circuit court

since it arose out of matters connected with the transaction on which appellee's cause of action is founded; if, therefore, appellee could not plead surprise and could not therefore be injured and if, further, no statute prohibited the filing of the recoupment for the first time in the circuit court, then the court below erred in refusing to allow the appellant to file this recoupment since appellant had the right at common law to do so and was therefore injured by this action of the circuit court.

*Leftwich & Tubb,* attorneys for appellee.

We say that as a matter of law this account sounding in damages, whether it be called a set-off, countrclaim, or recoupment, cannot be filed for the first time in the circuit court. It is true there are no pleadings proper in the circuit court but the statute prescribes certain conditions on which suit must be brought and prosecuted, and the suit can only be brought and prosecuted on those conditions. Section 2740 of the Code of 1906 is as follows:

"2740. (2411) Set-off filed on return day before trial.—The defendant in any action shall, on or before the return day of the summons, and before the trial of the case, file with the justice of the peace the evidence of debt, statement of account, or other written statement of the claim, if any, which he may desire to, and which lawfully may be, set off against the demand of the plaintiff and, in default thereof, he shall not be permitted to use it on the trial. (See annotations to par. 754.)"

A similar statute found in section 1306 of the Code of 1871 was construed in the case of *Marx* v. *Trussell,* 50 Miss. 498. The court, as one of the reasons for denying the set-off in the circuit court, assigned the question of costs. A different and better reason is given in *Callahan* v. *Newell,* 61 Miss. 437, which was, that to allow a cross-action in the circuit court would be to permit a re-

covery in an action begun there, and not one appealed
from the justice of the peace. Of course a new case can-
not be brought in the circuit court diffrent and independ-
ent of that brought in the justice court where the cause
originates in the justice of the peace court. Counsel for
appellant take an entirely too narrow view of our stat-
utes on set-off and counterclaim and recoupment. Sec-
tion 2740 of the Code, permitting the defendant in the
justice court to bring a cross-action, says that the de-
fendant on or before the return day of the summons and
before trial of the case, may "file with the justice of the
peace the evidence of debt, statement of account, or
other written statement of the claim, if any, which he
may desire to and which lawfully may be set off against
the demand of the plaintiff, and, in default thereof, he
shall not be permitted to use it on the trial." The legis-
lature in the enactment of that statute was making no
technical distinction as to the nature of the account or
written statement of the claim which he might set off
against the demand of the plaintiff. The legislature
only provided that to be done, it should only be done in
the justice of the peace court. It might be interesting
to go into the history and origin of, and consider the
nature of, cross-actions which may be properly desig-
nated recoupments, set-off or counterclaim, but the
prosecution of either and all by the defendant has been
so long allowed, scarcely without discrimination, that
all three are treated under the same head, and in all the
great text-books and by all the authors dealing with
them. (Note: See 34 Cyc. 618; 25 Am. & Eng. Ency. of
Law (2d Ed.), 484; 19 Am. & Eng. Pl. & Pr. 715; and
other leading works on the subject.)

Not only is this true in Mississippi but it is generally
true in many other jurisdictions. Not only must it be
pleaded but "the set-off counterclaim cannot be as-
serted for the first time on appeal." If not interposed
in the lower court, it will be deemed to have been waived.
19 Ency. of Pl. & Pr. 738-739.

The word counterclaim, as used in the statute, is broader technically than the term recoupment or set-off, and it embraces both recoupment and set-off, and also embraces what would not be either. 34 Cyc. 629. See also pages 623-625.

The language used by the legislature in the statute on set-off or counterclaim in justice of the peace courts, is broad enough to include and does include any cross-action no matter whether designated as recoupment, set-off or counterclaim, and no matter if it includes all three. All that the statute requires is that the statement of the account or evidence of the debt or other written statement of the claim must be filed with the justice of the peace. The language is as broad as it can be made, and while the verb "set-off" is used, the entire context shows that any kind of counterclaim is available, and only available when filed in the justice of the peace court.

Argued orally by *F. F. Paine,* for appellant and *Geo. J. Leftwich,* for appellee.

Smith, C. J., delivered the opinion of the court.

This suit was begun by appellee in the court of a justice of the peace, upon statement of account showing a balance due him of eighty-one dollars and seventy-five cents . When the cause came on for trial in the circuit court upon an appeal thereto, appellant asked leave of the court to file a notice of recoupment, setting forth certain damages alleged to have been sustained by it, and which it desired to have deducted from the amount of appellee's claim. Appellee objected to the filing of this notice on the ground that under section 2740, Code 1906, it should have been filed in the justice of the peace court, and could not be filed in the circuit court for the first time, which objection was sustained by the court, and leave to file the notice was denied.

Section 2740 of the Code of 1906 has no application to a claim interposed by way of recoupment. The terms "set-off" and "recoupment" have at law separate and well-defined meanings. "Recoupment" is distinguished from "set-off" in several particulars: "(1) It arises out of matters connected with the transaction or contract on which the plaintiff's cause of action is founded. (2) It matters not whether it be liquidated or unliquidated. (3) It is not dependent on any statutory regulation, but it is controlled by the principles of the common law." *Raymond* v. *State,* 54 Miss. 562, 28 Am. Rep. 382; *Myers* v. *Estell,* 47 Miss. 4; *Hayes* v. *Slidell Liquor Co.,* 99 Miss. 583, 55 South. 356. To which may be added that its use is defensive only.

This defense could have been availed of by appellant by the introduction of testimony in support thereof without its having filed this notice, the filing of which, while probably not improper, was wholly unnecessary; for, unless otherwise provided by statute no written pleadings are necessary in the court of a justice of the peace, and on appeal therefrom to the circuit court a case is tried "anew, in a summary way, without pleadings in writing." Code 1906, section 86. As was said in *Callahan* v. *Newell,* 61 Miss. 437: "Appeals from judgments of justices of the peace are to be tried anew, as if never tried before, and any evidence may be set up for the first time in the circuit court. . . . Everything merely defensive is involved in the suit before the justice, and, although not disclosed before him, is involved in the case on appeal, and cannot be said to be something brought into it in the circuit court which was not in it before."

Had the court simply declined to permit this notice to be filed, without more, appellant would have no ground for complaint, for it would not, in that event, have been deprived of its right to avail itself of this defense by introducing testimony in support thereof; but

this was not what occurred. Leave to file the notice was not refused, as shown by the bill of exceptions, because the filing thereof was unnecessary, but for the reason (1) that notice of such a claim could not be filed in the circuit court for the first time; and (2) because leave to file it was not requested until after the impaneling of the jury. This constituted, in effect, a ruling that the defense could not be made, because the notice thereof was filed too late, and necessarily implied that appellant would not be permitted to introduce evidence in support thereof. After this ruling, it became not only unnecessary, but in fact improper, for appellant to offer such evidence.

*Reversed and remanded.*