NATIONAL HARDWOOD LUMBER ASS'N. *v.* GILMORE-PUCKETT LUMBER CO., INC.

Division A. Jan. 2, 1951.

No. 37746 (49 So. (2d) 689)

**William S. Turner,** for appellant.

**Thos. F. Paine,** for appellee.

356

**Lee, J.**

National Hardwood Lumber Association filed its suit against Gilmore-Puckett Lumber Company, in a justice of the peace court, to recover $75, as annual dues for membership in the Association. To the declaration was attached a copy of the contract, which provided that, at the end of each year, the secretary should bill the member for dues covering the succeeding year. By the terms thereof, the member could, within thirty days, submit his resignation, and be relieved of liability therefor. There was also an affidavit by the proper officer of the association to the effect that the amount of the claim was justly due and unpaid.

The lumber company, by its affidavit, denied that the account was due and owing by it.

The trial in the justice of the peace court resulted in a judgment for the lumber company. The association prosecuted an appeal to the circuit court, but there were no additional written pleadings. In the trial there, the association introduced a deposition to show that it billed the lumber company for dues in April 1947; that the sum demanded was correct and owing; and that the lumber company had not submitted its resignation, either verbal, written or otherwise to any officer or agent of the association, in accordance with the contract.

The president of the lumber company, while on the stand, was directed to that feature of the deposition wherein it was stated that notice had been given. He was asked what he did when the notice was received. The association objected to this question on the ground that the only plea by the defendant was a counter-affidavit denying the correctness of the account, and that the defendant was then attempting to prove an affirmative defense, without having plead the same. The objection was overruled by the trial judge. Thereupon, the witness answered that he wrote across the bill "Do not care to continue this membership", or, "Do not care to renew", and returned it to the association, by United States mail, in an envelop which had the lumber company's correct post office address printed thereon. He also testified that he later called the Chicago. office of the association and informed it that he did not care to continue the service, and asked that the sending of statements to him be stopped. Thereupon he said that he was told that the matter would be looked into.

There was a jury verdict for the defendant lumber company.

Thus the facts show that this was a suit to recover a sum of money in accordance with the provisions of a written contract. ▇▇ Set-off was not involved in the defense; and, except in that instance, written pleadings in a justice of the peace court do not appear to be mandatory. Section 1822, Code 1942. In Amory Independent Telephone Co. v. Cox, 103 Miss. 541, 60 So. 641, where the lower court refused to allow the defendant, for the first time, to file a notice of recoupment, on the ground that it should have been filed in the justice of the peace court, this Court held such ruling to be error, and said: "This defense could have been availed of by appellant by the introduction of testimony in support thereof without its having filed this notice, the filing of which, while probably not improper, was wholly unnecessary; for, unless otherwise provided by statute, no written pleadings

are necessary in the court of the justice of the peace, ██ ██ and on appeal therefrom to the circuit court a case is tried 'anew, in a summary way, without pleadings in writing.' Code 1906, Section 86. As was said in Callahan v. Newell, 61 Miss. 437: 'Appeals from judgments of justices of the peace are to be tried anew, as if never tried before, and any evidence may be set up for the first time in the circuit court. . . . Everything merely defensive is involved in the suit before the justice, and, although not disclosed before him, is involved in the case on appeal, and cannot be said to be something brought into it in the circuit court which was not in it before.'" See also Section 1201, Code 1942.

██ ██ To make out its case, appellant introduced its contract, showed by the deposition that it sent a statement for dues to the appellee, and that appellee had not submitted its resignation. Appellee's defense was that it did not owe the alleged debt, because it had submitted its resignation in accordance with the terms of the contract. The testimony of the witness for the lumber company was defensive and the objection was properly overruled.

Affirmed.