CRISS *v.* BAILEY, d.b.a. BAILEY'S STORE

No. 42101 February 5, 1962 137 So. 2d 160

*Leon E. Provine,* Grenada, for appellant.

*Murray L. Williams,* Water Valley, for appellee.

KYLE, J.

The appellee, J. Russell Bailey, d/b/a/ Bailey's Store, filed suit in the justice of the peace court in Yalobusha County against Dr. Tyler Criss on an open account for the sum of $167.50, principal, and $19.87, interest, being the balance due on one washing machine sold and delivered to the appellant on November 15, 1957. The case was tried in the justice of the peace court before a jury

on August 7, 1959, and the jury returned a verdict for the defendant. From the judgment against him the plaintiff prosecuted an appeal to the circuit court.

After the papers were filed in the circuit court, the defendant at the July 1960 term of the court, filed an affidavit and counter-affidavit denying that he owed the plaintiff the account sued on, and requested that the court give judgment in favor of the defendant for the sum of $85 cash and the return of the washing machine he traded on the General Electric washing machine which was returned. The affidavit and counter-affidavit merely stated on oath that the affiant had signed the affidavit. The plaintiff filed a motion to strike the affidavit and counter-affidavit referred to above on the grounds: (1) That it was not properly sworn to by the defendant; (2) that it was not filed on or before the return day in the justice of the peace court; and (3) that the affidavit contained a setoff against the claim of plaintiff which was not filed on or before the return day in the justice of the peace court, as required by Section 1822, Mississippi Code of 1942, Rec. The court sustained the motion to strike that part of the defendant's affidavit which constituted a setoff or counterclaim, but denied the motion to strike that part of the affidavit denying that the defendant owed the open account; and the defendant was authorized to amend his affidavit denying the open account.

The defendant then filed an "amended answer and counter-affidavit and recoupment," in which he denied that he owed the plaintiff the sum of $167.50, or any other amount, and in which he stated he had never purchased a washing machine from Bailey's Store; and "by way of defense and recoupment" the defendant alleged that the plaintiff was indebted to him "in form of a washing machine traded on a G.E. washing machine, and the sum of $85 cash, all arising out of the instant negotiations and in this cause of action." The

amended answer and counter-affidavit was sworn to.

At the January 1961 term of the court the plaintiff filed a motion to strike the amended answer and counter-affidavit, on the grounds stated, as follows: (1) That no affidavit or counter-affidavit or setoff was filed by the defendant on or before August 7, 1959, when the cause was heard in the justice of the peace court; (2) that the defendant's answer and counter-affidavit was not filed on or before the return day in the justice of the peace court, as required by Code Section 1822, Code of 1942, Rec., and not until July 14, 1960, and should therefore be stricken; and (3) that the amended answer and counter-affidavit contained a setoff against the plaintiff's claim which was not filed on or before the return day of the summons in the justice of the peace court.

The motion to strike the affidavit and plea of the general issue was overruled. The motion to strike that part of the affidavit dealing with and having to do with recoupment was sustained.

The cause was tried before a jury at the January, 1961, term of the court.

The plaintiff, J. Russell Bailey, testified that the washing machine purchased by the defendant was a Maytag washing machine; that the purchase was made by the defendant's wife; that the list price of the machine was $309.50; that the plaintiff and his wife traded in an old washing machine in part payment of the purchase price of the Maytag, and agreed to pay $250 in addition to the amount allowed for the trade-in; that the machine was purchased on November 15, 1957; and that the plaintiff paid $82.50 on account of the purchase price in January 1958, leaving a balance due of $167.50. The defendant attempted to prove on cross-examination of the plaintiff that the old machine was traded in on a General Electric instead of a Maytag. Objection was made to the testimony and the objection was sustained.

The plaintiff then testified that Mrs. Criss and her sister came into the store in June 1957, and wanted to purchase a certain type of GE washing machine; that the plaintiff, or his salesman, agreed to sell them a GE washing machine, and a contract was signed for the Crisses to pay $250 difference between the machine they were to trade in and the GE machine; that the GE machine did not function properly, and after several attempts to remedy the defects the plaintiff's salesman, in November 1957, showed Mrs. Criss the Maytag machine, which the plaintiff proposed to sell to the defendant at the same price and to accept the same difference in a trade-in. That proposal was agreed to, and the Maytag was then sent to the Criss home and installed. So a verbal trade was made on the Maytag, which the plaintiff testified functioned properly. The sale of the Maytag was by verbal agreement.

On further cross-examination the plaintiff was asked, "Did you tell them it would operate? Did you give them any guarantee on it? The answer was, "We stand behind any equipment * * *. We guarantee it to operate." The plaintiff's attorney objected to that line of questioning. The objection was sustained, and the court then said: "There will be no further questions with reference to whether or not it worked, because that is not before the court in any form. That would be an affirmative defense." On further questioning the plaintiff stated that the transactions relating to the purchase of the machine were handled by Billy Riddick, one of the plaintiff's salesmen.

Mrs. Tyler Criss, the defendant's wife, testified that she and her sister went to Bailey's Store in June 1957 to buy a General Electric washing machine, and she traded in her old machine as a part of the purchase price for a General Electric; that the General Electric proved to be unsatisfactory, and she then got the Maytag machine, "and it just never seemed to - - -". The

plaintiff objected to further testimony along that line, and the objection was sustained. The defendant's attorney then attempted to prove by the witness that the plaintiff stated that the Maytag machine would work; that the machine was accepted on that basis; and that the machine never did function properly. Objection was made by the defendant's attorney to the questions asked, and the objection was sustained on the ground that the matters proposed to be proved were not set forth as an affirmative defense in the pleadings. Mrs. Criss denied that she ever agreed to buy the Maytag machine. On cross-examination Mrs. Criss admitted that she did get a washing machine from Bailey's Store; that the purchase price of the machine was $250, and that she never returned the machine to the plaintiff. The defendant's attorney again asked Mrs. Criss whether or not, when the Maytag machine was delivered to her house, one part of the agreement that she had with Bailey's Store was that the Maytag machine would operate properly. Objection was made to the question. The objection was sustained, and the defendant's counsel was warned not to pursue that line of inquiry again.

At the conclusion of the testimony the court sustained the plaintiff's motion for a directed verdict, and judgment was entered in favor of the plaintiff for the sum of $200.65. From that judgment the defendant has prosecuted this appeal.

The appellant's attorney has assigned and argued several points as grounds for reversal of the judgment of the lower court, the most important of which are as follows: (1) That the court erred in refusing to permit the appellant to develop, by cross-examination of the appellee and by direct examination of the appellant's wife, the facts which constituted the basis of his defense that he did not owe the alleged debt; (2) that the court erred in excluding the evidence offered on behalf of the appellant to show that the Maytag machine had

been delivered to the appellant in November 1957 as a substitute for the General Electric machine, and under a verbal warranty by the appellee that the Maytag would function properly, and that the Maytag machine had not functioned properly; and (3) that the court erred in sustaining the appellee's objection to testimony offered on behalf of the appellant to establish his claim for recoupment.

 ██ We think that the court erred in refusing to permit the appellant to offer proof in support of his claim for recoupment and to show the facts concerning the agreement relating to the purchase of the Maytag machine and the alleged breach of warranty that the machine would function properly.

Section 1201, Code of 1942, Rec., provides that, "On appeal from a justice of the peace to the circuit court the case shall be tried anew, in a summary way, without pleadings in writing * * *."

"Recoupment, at common law, is the right of the defendant, in the same action, to cut down the plaintiff's demand either because the plaintiff has not complied with some cross obligation of the contract on which he sues, or because he has violated some duty which the law has imposed on him in the making or performance of that contract." 47 Am. Jur., 708, Setoff and Counterclaim, Par. 2.

It can be readily seen that the notice of special matter stated in the appellant's answer as a basis for recoupment was lacking in clarity; and, if written pleadings had been required, such defect might have been treated as a cause for striking that part of the appellant's answer. But the appellant had a right to introduce evidence in support of his claim in recoupment without filing a written statement of his claim. ██ Section 1822, Code of 1942, has no application to a claim interposed in recoupment; and recoupment may be interposed for the first time on appeal to the circuit court.

In the case of Amory Independent Telephone Company v. Cox (1912), 103 Miss. 541, 60 So. 641, the Court held that Section 2740, Code of 1906, requiring the defendant to file with the justice of the peace on or before the return day of the suit any setoff which he might desire to use had no application to a claim interposed by way of recoupment. The Court, in its opinion in that case, said:

"Section 2740 of the Code of 1906 has no application to a claim interposed by way of recoupment. The terms 'set off' and 'recoupment' have at law separate and well-defined meanings. 'Recoupment' is distinguished from 'setoff' in several particulars: '(1) It arises out of matters connected with the transaction or contract on which the plaintiff's cause of action is founded. (2) It matters not whether it be liquidated or unliquidated. (3) It is not dependent on any statutory regulation, but it is controlled by the principles of the common law.' Raymond v. State, 54 Miss. 562, 28 Am. Rep. 382; Myers v. Estell, 47 Miss. 4; Hayes v. Slidell Liquor Co., 99 Miss. 583, 55 South. 356. To which may be added that its use is defensive only.

"This defense could have been availed of by appellant by the introduction of testimony in support thereof without its having filed this notice, the filing of which, while probably not improper, was wholly unnecessary; for, unless otherwise provided by statute no written pleadings are necessary in the court of a justice of the peace, and on appeal therefrom to the circuit court a case is tried 'anew, in a summary way, without pleadings in writing.' Code 1906, Section 86. As was said in Callahan v. Newell, 61 Miss. 437: 'Appeals from judgments of justices of the peace are to be tried anew, as if never tried before, and any evidence may be set up for the first time in the circuit court * * *. Everything merely defensive is involved in the suit before the justice, and, although not disclosed before him, is involved

in the case on appeal, and cannot be said to be something brought into it in the circuit court which was not in it before'."

The above mentioned Section 2740, Code of 1906, has been brought forward without change as Section 1822, Code of 1942, Rec. Section 86, Code of 1906, appears as Section 1202, Code of 1942, Recompiled; and the. only amendments that have been made to that section are amendments relating to appeals from a justice of the peace court to a county court, and from a county court to the circuit court.

The rule stated in Amory Independent Telephone Company v. Cox, supra, was reaffirmed by this Court in National Hardwood Lumber Ass'n. v. Gilmore-Puckett Lumber Company, 210 Miss. 354, 49 So. 2d 689, in which the Court held that, on appeal to the circuit court from a justice of the peace court, the case is tried anew as if never tried before, and everything merely defensive may be determined on such an appeal although not presented by written pleadings in either court.

██ █ In the case that we have here, the appellant's claim for recoupment arose out of matters connected with the transaction on which the appellee's cause of action was founded. The claim could be interposed for the first time on appeal to the circuit court; and the learned circuit judge erred in his ruling that the defense of breach of warranty and recoupment could not be made in the circuit court because there was nothing in the pleadings that would justify proof of a breach of warranty. No such pleadings were necessary under the statute.

For the reasons stated above, the judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.

*Lee, P.J.,* and *Arrington, McElroy* and *Rodgers, JJ.,* concur.